**UNITED STATES of America,**
**Appellee,**

v.

**Andre L. DAVIS, Esq., also known as Peter Andrews, also known as Joe Maye, Defendant–Appellant.**

**Docket No. 00–1727.**

United States Court of Appeals,
Second Circuit.

May 25, 2001.

William T. Koch, Jr., Lyme, CT, for appellant.

Brian E. Spears, Assistant United States Attorney, Bridgeport, CT; Stephen C. Robinson, United States Attorney for the District of Connecticut, on the brief, for appellee.

Present OAKES, GRAAFEILAND, and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for Connecticut (Christopher F. Droney, *Judge*), it is hereby

ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.

Defendant-appellant Andre L. Davis ("Davis") appeals from a conviction and sentence imposed in the United States District Court for the District of Connecticut (Christopher F. Droney, *Judge*). Davis was stopped by Officer Christopher Evans ("Officer Evans") allegedly for committing a traffic violation and, after Davis consented to a search of his car, the officer arrested Davis after finding, *inter alia*, drugs and a loaded handgun. Prior to pleading guilty to one count of possession of a firearm by a previously convicted felon in violation of 18 U.S.C. § 922(g), Davis moved to suppress the tangible evidence seized by Officer Evans, arguing that the officer lacked reasonable suspicion to make the stop. Davis filed a supplemental motion to suppress, claiming that the stop was racially motivated and was the result of racial profiling. The district court held a two-day evidentiary hearing on Davis's motions to suppress. Thereafter, in a written opinion, the district court denied the motions to suppress. Davis appeals the district court's ruling on his suppression motions.[1]

In reviewing a district court's denial of a motion to suppress, we view the evidence in the light most favorable to the government. *See United States v. Peterson,* 100 F.3d 7, 11 (2d Cir.1996). "[W]e will uphold the district court's findings of historical fact, *e.g.*, what information the officers had, what acts were performed, and what statements were made, unless they are clearly erroneous." *United States v. Uribe–Velasco,* 930 F.2d 1029, 1032 (2d Cir. 1991). As long as the district court's view of the evidence is plausible in light of the record as a whole, we may not reverse even if we are convinced that we would have viewed the evidence differently if sitting as the tier of fact. *See Anderson v. City of Bessemer,* 470 U.S. 564, 573–74, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). We review *de novo* legal issues, such as whether the information possessed by the officer sufficed to give the officer reasonable suspicion to stop the suspect. *See Uribe–Velasco,* 930 F.2d at 1032.

On appeal, Davis claims that the district court's finding that Officer Evans had reasonable suspicion to believe that Davis was violating a traffic law at the time the officer stopped Davis is clearly

---

1. Davis entered a conditional guilty plea which permitted him to appeal from the district court's denial of his motions to suppress.

erroneous. Specifically, Davis contends that the district court erred by crediting Officer Evans's testimony. A trial court is in a unique position to evaluate witnesses' credibility, *see United States v. Davis,* 967 F.2d 84, 86 (2d Cir.1992), and we will not find a district court's credibility determination to be clearly erroneous merely because it credits a witness whose testimony contains some inconsistencies. *See, e.g., United States v. Burnett,* 968 F.2d 278, 280 (2d Cir.1992).

Officer Evans's testimony regarding when the police dispatcher first informed him that Davis's registration had expired was corroborated in substantial part by the testimony of a second police officer who had heard Officer Evans call in Davis's license plate over the radio and who arrived on the scene immediately after Officer Evans stopped Davis. The district court's finding that Officer Evans was aware that the expiration month of Davis's registration sticker was obscured prior to the time the officer stopped Davis, whether based on a finding that the officer first observed this violation before pulling out behind Davis or immediately prior to pulling Davis's car over in the parking lot, is plausible in light of the record as a whole. Thus, we cannot say that the district court's determination of the historical facts in this case is clearly erroneous. After conducting a *de novo* review using the facts as found by the district court, we hold that Officer Evans had reasonable suspicion to stop Davis's car because the officer had observed Davis commit a traffic violation prior to the stop. *See Whren v. United States,* 517 U.S. 806, 810–13, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996); *United States v. Dhinsa,* 171 F.3d 721, 724–25 (2d Cir.1998); *United States v. Scopo,* 19 F.3d 777, 781–83 (2d Cir.1994).

██ We also hold that the district court's finding that Davis had presented insufficient evidence to support his claim that Officer Evans pulled him over as a result of racial profiling was not clearly erroneous. This Court does not condone racially motivated police behavior and takes seriously an allegation of racial profiling. However, Davis did not present to the district court sufficient evidence of intentional discrimination to support such an allegation. *See United States v. Fares,* 978 F.2d 52, 59 (2d Cir.1992). The district court's conclusion that Davis failed to show that Officer Evans singled out African–American drivers is supported by the record as a whole, including the government's evidence that only 6.1% of Officer Evans's traffic citations over the last three years were issued to African–American individuals and that Davis was the only African–American driver issued a citation by Officer Evans for failing to display a registration sticker out of eight citations he issued to others for similar violations.

We have carefully considered appellant's remaining arguments and find them to be without merit. For the reasons discussed, the judgment of the district court is hereby AFFIRMED.